**In re SHARON STEEL CORPORATION, Sharon Specialty Steel, Inc., and Monessen, Inc., Debtors.**

**SHARON STEEL CORPORATION, Sharon Specialty Steel, Inc., and Monessen, Inc., Appellants,**

v.

**SKW METALS AND ALLOYS, INC.; Affival, Inc.; Citibank, N.A., as agent for the Lenders; The Official Committee of Unsecured Creditors; and U.S. Trustee, Appellees.**

**Civ. A. No. 93–488.**

United States District Court, W.D. Pennsylvania.

June 22, 1993.

Paul M. Singer, Pittsburgh, PA, for debtors/appellants.

Herbert P. Minkel, Jr., New York City, co-counsel for debtors/appellants.

John F. Donogher, Buffalo, NY, for appellees SKW & Affival.

William H. Schorling, Pittsburgh, PA, for appellee Citibank.

Philip E. Beard, Pittsburgh, PA, for appellee Unsecured Creditors.

Joseph M. Fornari, Jr., trustee, Pittsburgh, PA.

### MEMORANDUM OPINION

BLOCH, District Judge.

Presently before the Court is an appeal filed by Sharon Steel Corporation, Sharon Specialty Steel, Inc., and Monessen, Inc. (collectively "debtors") from a bankruptcy court order dated February 10, 1993. In reviewing this bankruptcy court order, this Court may set aside findings of fact if they are clearly erroneous. *In re*

*Morrissey,* 717 F.2d 100, 104 (3d Cir.1983). All questions of law are subject to plenary review. *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir.1988).

The instant appeal is related to a similar appeal filed at Civil Action No. 93–297. In that case, this Court affirmed Bankruptcy Judge Warren Bentz' authorization of the debtors' employment of Price Waterhouse as accountant and financial adviser despite the fact that Price Waterhouse is a creditor of the estate. In the instant case, debtors have appealed Bankruptcy Judge Fitzgerald's denial of a similar application to employ Reed, Smith, Shaw & McClay (Reed Smith) as co-counsel.[1]

■ A complete reiteration of the legal standard which is applicable to the instant question is not necessary. This Court adopts the opinion previously filed at Civil Action No. 93–297 for purposes of the instant appeal. (A copy of that Memorandum Opinion is attached).■ It is enough to say that this Court rejects the *per se* rule and, instead, adopts the flexible approach outlined by the Third Circuit in *In re BH & P, Inc.,* 949 F.2d 1300 (3d Cir.1991). *See also In re Martin,* 817 F.2d 175, 181 (1st Cir.1987).

It is apparent from the record that Judge Fitzgerald felt obligated to apply the strict *per se* rule advanced by the United States Trustee, rather than the flexible approach adopted by this Court and applied previously by Judge Bentz in the same case. During the hearing on the instant application, Judge Fitzgerald stated:

[M]y obligation is to construe the statute. I don't see anything in the legislative history that gives me an opportunity to get around that disinterested standard and with all due respect to the First Circuit [in *In re Martin, supra,*] even though I like that opinion, I'm not quite sure how they got there....

And, I think the First Circuit opinion has a great deal of merit, by I am not sure that it is true to the statute. And, I don't think that's my job.... It seems to me that my obligation is to construe the statute, I don't see a way around the disinterested requirement.

(Tr. of hearing (1/14/93) (hereinafter "tr.") at 22). Judge Fitzgerald conceded that her decision to deny the application "has nothing to do with the performance [of Reed Smith] whatsoever. It simply has to do with an issue concerning, how do I get around the disinterestedness requirement which despite case law, I think is a mandatory requirement...." *Id.* at 27–28. *See also id.* at 46.

However, the facts of the instant case mimic the facts in the Price Waterhouse case, which had a contrary result. Although Reed Smith is a creditor, thereby being defined as an "interested person" under 11 U.S.C. § 101(14)(A), Reed Smith is an unsecured creditor enjoying no preferred status. Further, Reed Smith has stated that it will not participate as an unsecured creditor in debtors' Chapter 11 case nor will it vote on its claim in connection with the confirmation of any plan of reorganization. Also, the Official Committee of Unsecured Creditors has voted unanimously to support the retention of Reed Smith, citing Reed Smith's "significant knowledge and experience of debtors' affairs," and the "significant" cost of bringing in another firm. (Tr. at 43–44). Counsel for Affival, Inc., an unsecured creditor in the amount of $330,000, originally objected to the retention of Reed Smith. (*See* tr. at 39–43). However, after hearing the evidence, Affival, Inc., withdrew its objection, stating:

[W]ith respect to the need to hold down expenses, the facts and circumstances of this case and the real waste of assets to the extent there are any assets to waste, if we were to pursue in our objection and successfully obtain an order of this court denying the debtors' application for Reed Smith ... I think the debtors' thoughts

---

1. Judge Bentz recused himself from this application decision. Judge Fitzgerald heard evidence on this application and made the decision which is the subject of today's appeal.

with respect to expenses are well taken and we withdraw our objection at this juncture.

(Tr. at 81).[2]

In fact, the only objection to the application at this point is that of the United States Trustee, an objection based exclusively on an abstract reading of the law.

Judge Fitzgerald did find, as a matter of fact, that "the services of local counsel would assist the debtors in the handling of this case and the testimony established that many of the local large firms capable of handling cases of this size already are involved in this bankruptcy as attorneys for creditors or parties in interest." (Order at ¶ 7). Further, during the hearing, Judge Fitzgerald conceded that "I think the debtor would need local counsel. I did not mean my remarks to suggest that I think that New York counsel ought to have to travel in for the many, many hundreds of, you know, miscellaneous matters that can be handled by local counsel." (Tr. at 54).

In rendering her decision on the application, Judge Fitzgerald noted that "the appointment of Reed Smith Shaw & McClay as special counsel will eliminate the possibility of derailing reorganization because the expertise and knowledge of pre-petition counsel in the areas of their prior service will be maintained." (Order at ¶ 11). Moreover, Judge Fitzgerald found that the debtors' limited retention of Reed Smith as special and local counsel "pursuant to 327(e) is in the best interest of the estates [and] will result in significant cost savings to the estates." *Id.* at ¶ 9.

Therefore, it is apparent from the record and Judge Fitzgerald's Order that the only reason preventing the bankruptcy court from authorizing debtors' retention of Reed Smith as co-counsel was Reed Smith's unsecured creditor status, a status which Reed Smith refused to waive. As discussed fully in the Opinion at Civil Action

No. 93–297, such reasoning is inconsistent with Third Circuit law as interpreted and applied by this Court and the law applicable to the instant bankruptcy proceedings, as evidenced by Judge Bentz' previous decision, which was affirmed by this Court.

Therefore, Judge Fitzgerald's Order of February 10, 1993, will be vacated and this case will be remanded to the bankruptcy court for a determination of Reed Smith's qualifications to serve as co-counsel under a flexible case-specific analysis.

**2.** In denying the application, Judge Fitzgerald relied, in part, on the fact that "one objector cautioned that investigation into Reed Smith Shaw & McClay's pre-petition advice to and representation of the debtors may be undertaken and may require Reed Smith's employees and partners to appear as witnesses and/or other- wise may establish a conflict of interest with the debtor." (February 10, 1993 Order at ¶ 6). However, it was Affival, Inc., who posed this concern, a concern which was obviously allayed by testimonial evidence, since Affival, Inc., subsequently withdrew its objection.